IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Joseph Abel,** | Case No. 1:24CV1611 |
| **Plaintiff,** | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **Marlin Manufacturing Co., et al.,** | |
| **Defendants.** | **MEMORANDUM OPINION & ORDER** |

Currently pending before the Court is the Motion of Defendants Marlin Manufacturing Co. ("Marlin Manufacturing") and Frederick Warren ("Warren") to Dismiss filed on March 18, 2025. (Doc. No. 8.)  Plaintiff Joseph Abel ("Plaintiff or "Abel") filed a Brief in Opposition on May 19, 2025, to which Defendants replied on June 13, 2025.  (Doc. Nos. 15, 19.)  For the following reasons, Defendants' Motion to Dismiss (Doc. No. 8) is GRANTED.

**I.    Factual Allegations**

The Complaint sets forth the following factual allegations.  (Doc. No. 1.)

Plaintiff resides in Cleveland, Ohio.  (*Id.* at ¶ 7.) At all times relevant herein, he has suffered from cerebral palsy which "affects his daily activities and ... qualifies as a disability under the law." (*Id*. at ¶ 8.)  In 2006, Plaintiff was hired to work for "the Defendant"[1]  as a senior in high school under a special program with the school.  (*Id*. at ¶ 7.)  Plaintiff was then "hired permanently upon graduation and worked thereafter as a permanent employee [for Marlin Manufacturing] as a permanent

---

[1] The Complaint does not specify whether the reference to "Defendant" (singular) applies to Marlin Manufacturing, Warren, or both.  The Court construes this allegation, and other allegations referring to a singular "Defendant," as pertaining to Marlin Manufacturing because, later in the Complaint, Plaintiff alleges that "Defendant is an employer under the ADA" and that "Frederick Warren was Plaintiff's Supervisor."  (Doc. No. 1 at ¶ 12.)

employee, until on or about May 25, 2023, when he quit after being harassed and bullied by his supervisor."[2] (*Id.* at ¶ 7.) Although Plaintiff suffers from cerebral palsy, he alleges that this condition "did not affect his qualifications to his job for which he would have continued had he not been treated so unfairly by [Warren]." (*Id.* at ¶ 8.)

Plaintiff alleges that Defendants "failed to accommodate his disability [by] allowing Plaintiff's supervisor to bully and abuse him because of his disability which caused [Plaintiff] to resign his position as he continuously criticized his work and the manner he did his work, including taking time off to go to the bathroom." (*Id.* at ¶ 13.) According to Plaintiff, "[s]uch behaviors had not been scrutinized in this manner during the time he worked prior to the defendant supervisor being put in" the position of supervisor. (*Id.*) Additionally, Marlin Manufacturing and Warren "assigned him duties which he had not done before, many of which he could not do because of his disability and especially without the necessary training, and knowing his disability required the same." (*Id.*)

Plaintiff alleges that he was "fully capable of doing his job had the defendant accommodated him by training and the defendant supervisor [had] act[ed] in a manner which did not include bullying [and] undue harassment." (*Id.* at ¶ 14.) According to Plaintiff, "[a]s a result of Defendant's action and inaction including those of [Warren], *** he was forced to quit his job resulting in his loss of wages and benefits"; and he suffered "significant emotional distress, lost income and promotional opportunities, and other compensatory damages." (*Id.* at ¶¶ 15, 16.)

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 26, 2023, EEOC Charge No. 532-2024-00351, alleging discrimination based on disability. (*Id.* at ¶ 9.) The EEOC Charge is attached as an Exhibit to the

---

[2] The Court also construes any allegation regarding a "supervisor" to mean Warren. (Doc. No. 1 at ¶ 12 ("Frederick Warren was Plaintiff's Supervisor").)

2

Complaint. (Doc. No. 1-2.)  It lists Marlin Manufacturing as the "Employer, Labor Organization, Employment Agency, Apprenticeship Committee or State or Local Government Agency" that Plaintiff "believed discriminated against [him]."  (*Id.*)  The EEOC Charge does not list Warren as an "Employer."  (*Id.*)  Plaintiff received a Notice of Right to Sue issued by the EEOC on or about July 25, 2024.[3]  (Doc. No. 1 at ¶ 10; Doc. No. 1-3.)

## II.  Procedural History

On September 20, 2024, Plaintiff filed a Complaint in this Court against Marlin Manufacturing and Warren (hereinafter referred to collectively as "Defendants").  Therein, Plaintiff alleges claims under (i) The Americans with Disabilities Act (Count I); (ii) Ohio Revised Code § 4112.99 (Count II); and (iii) Ohio Common Law (Count III).  (*Id.* at ¶¶ 12–21.)  On March 18, 2025, Defendants filed their Motion to Dismiss requesting that the Court dismiss (1) Counts II and III in their entirety and (2) Count I solely as to Warren.  (Doc. No. 8.)  On May 19, 2025, Plaintiff filed his Brief in Opposition, to which Defendants replied on June 13, 2025.  (Doc. Nos. 15, 19.)  Accordingly, Defendants' Motion is ripe for review.

## III.  Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)).  For purposes of Rule 12(b)(6), "all well-

---

[3] In the Complaint, Plaintiff alleges that the EEOC issued a Notice of Right to Sue on July 25, 2025.  (Doc. No. 1 at ¶ 10.)  The Notice of Right to Sue attached as an Exhibit to the Complaint, however, is dated July 25, 2024.  (Doc. No. 1-3.) As the Complaint in this action was filed on September 20, 2024, the Court presumes that the July 25, 2024 date listed on the Notice of Right to Sue is the correct date, rather than the July 25, 2025 date alleged in the Complaint.

3

pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted).

The measure of a Rule 12(b)(6) challenge — whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n*., 528 F.3d 426, 430 (6th Cir.2008) (quoting in part *Twombly,* 550 U.S. at 555–556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89 (2007)). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### IV. Analysis

#### A. Plaintiff concedes that Counts II and III of the Complaint should be dismissed

In Count II, Plaintiff alleges disability and age discrimination claims against Defendants "under Ohio Rev. Code 4112.29 and under Chapter 4112 of the Ohio Revised. Code." (Doc. No. 1 at ¶¶ 17-19.) In Count III, Plaintiff alleges a violation of "Ohio common law," asserting that "the acts which [he] complains of in the preceding causes of action caused [him] to resign and in effect were in violation of Ohio Common law as to wrongful discharge." (*Id.* at ¶ 21.)

In their Motion, Defendants argue that Counts II and III should be dismissed in their entirety because Plaintiff failed to exhaust his administrative remedies with the Ohio Civil Rights Commission. (Doc. No. 8 at PageID #41–43.) In response, Plaintiff states as follows: "While not dismissing counts II and III, plaintiff concedes under present Ohio and 6th circuit law his claims do not lie. He therefore has not responded to these claims." (Doc. No. 15 at PageID #101.)

It is well established that, if a plaintiff fails to respond or to otherwise oppose a defendant's motion to dismiss, a district court may deem the plaintiff to have waived opposition. *See, e.g.*, *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived); *see also Kuhlman v. City of Cleveland*, No. 1:22-cv-00536, 2023 U.S. Dist. LEXIS 51139, at *30–31 (N.D. Ohio Mar. 23, 2023) (finding that, by failing to respond to defendant's motion to dismiss, plaintiff "waived any argument in opposition to the City's argument that plaintiff's state law claims are barred"); *Selou v. Integrity Sol. Servs., Inc.*, No. 15-10927, 2016 U.S. Dist. LEXIS 18189, at *6–7 (E.D. Mich. Feb. 16, 2016)

("Plaintiff's failure to address any claim but her TCPA claim in response to LiveVox's motion to dismiss is cause for dismissing those claims.").

Here, Plaintiff has explicitly conceded that his claims in Counts II and III "do not lie" and, therefore, has elected not to respond to Defendants' Motion. The Court, therefore, deems Plaintiff to have waived any opposition with respect to the dismissal of Counts II and III. Accordingly, and in light of Plaintiffs' lack of opposition, Counts II and III are dismissed.

### B. Count I of the Complaint fails to state a plausible claim for relief against Warren

Defendants make two separate arguments in their Motion as to why Count I of the Complaint should be dismissed as to Warren. Each argument is addressed in turn below.

#### 1. Individual liability under the ADA

Defendants first argue that Warren, as an individual defendant, cannot be held liable under the ADA. (Doc. No. 8, PageID #44.) Specifically, Defendants maintain that under Sixth Circuit law, "individual supervisors or managers cannot be held liable under the ADA," and thus, Plaintiff's ADA claim against Warren "is contrary to law." (*Id.*)

Plaintiff concurs in-part in his Brief in Opposition. Specifically, Plaintiff agrees that "[i]n this circuit, it has been held supervisors in their individual capacity cannot be held liable under the ADA." (Doc. No. 15, PageID #102.) Plaintiff argues, however, that "the cases cited by the defendants' (sic) involve the supervisor['s] failure to accommodate" and that "[t]his case involves more than a lack of accommodation." (*Id.*) Rather, Plaintiff appears to assert that the ADA claim against Warren should survive dismissal because he "is alleging [that] Warren created a hostile environment from which Marlin [Manufacturing] failed to provide him protection." (*Id.* at PageID #103.)

6

In their Reply Brief, Defendants argue that "an individual supervisor does not meet the statutory definition of an 'employer.'" (Doc. No. 19, PageID #121.) Defendants further argue that "any argument that one theory of discrimination versus another theory of discrimination could impose liability on a supervisor, as Plaintiff makes here, is not only contrary to the statutory framework but also legally untenable." (*Id.*) Thus, Defendants maintain, "[t]he theory of discrimination does not, and cannot, change the fact that an individual supervisor does not fall within the definition of 'employer' under the ADA." (*Id.* at PageID #121–22.)

The Court agrees with Defendants. Under Sixth Circuit law, the ADA generally does not impose liability upon individuals, including supervisors. *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Lee may not maintain an action under the ADA or the RA against the individual defendant identified in his complaint because neither the ADA nor the RA impose liability upon individuals"); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808, n.1 (6th Cir. 1999) ("Individual supervisors who do not independently qualify under the statutory definition of employers may not be held personally liable in ADA cases"). Accordingly, courts within this District routinely dismiss ADA claims brought against individuals. *See*, *e.g.*, *Nagel v. Cloverleaf Loc. Sch. Dist.*, No. 1:22-CV-866, 2024 U.S. Dist. LEXIS 161407, at *20 (N.D. Ohio Sept. 24, 2024) ("The individual Defendants are not subject to liability under the ADA and Section 504 as a matter of law. As such, the claims against the individual Defendants warrant dismissal"); *Dundee v. Univ. Hosp. Corp.*, No. 1:19cv01141, 2019 U.S. Dist. LEXIS 220687, at *12 (N.D. Ohio Dec. 3, 2019) ("In his Complaint, Dundee brings discrimination claims only under Title VII and the ADA, both of which, as a matter of law, do not provide for individual liability of fellow employees or supervisors"), *adopted by* 2019 U.S. Dist. LEXIS 220688 (Dec. 26, 2019); *Evans v. Larose*, No. 4:19CV1567, 2019 U.S. Dist. LEXIS

7

189147, at *12 (N.D. Ohio Oct. 31, 2019) ("Plaintiff has no claim under the ADA or the RA against the individual defendants because neither the ADA or RA impose liability upon individuals").

Here, Plaintiff has not alleged that Warren is his "employer" or that he independently qualifies under the statutory definition of employers under the ADA. Indeed, Plaintiff expressly distinguishes Warren (as his supervisor) from Marlin Manufacturing (as his employer) in the Complaint. *See* Doc. 1, ¶ 12 ("Defendant *is an employer under the ADA* and Frederick Warren *was Plaintiff's supervisor*") (emphasis added). Furthermore, in the EEOC Charge attached to the Complaint, Plaintiff names Marlin Manufacturing, and not Warren, as his employer. (*Id.* at ¶ 9, Ex. A.) Accordingly, because Plaintiff has not alleged that Warren "independently qualif[ies] under the statutory definition of employers," Plaintiff's ADA claim against Warren fails as a matter of law. *See Sullivan*, 197 F.3d at 808, n.1.

Moreover, the Court is not persuaded by Plaintiff's argument that a supervisor can be held individually liable under a "hostile environment" theory under the ADA. Plaintiff has not cited any authority supporting this argument. Instead, as Defendants correctly note, courts dismiss ADA claims brought against individuals regardless of the theory of liability, including hostile environment claims. *See Schuette v. Rand*, No. 18-10497, 2020 U.S. Dist. LEXIS 241779, at *1, 14–17 (E.D. Mich. Dec. 23, 2020) (dismissing ADA claim that alleged the individual defendant "subjected [the plaintiff] to a hostile work environment on the basis of his disabilities"); *Grace v. City of Lancaster DOT*, No. 2:17-cv-522, 2018 U.S. Dist. LEXIS 65248, at *2, *4 (S.D. Ohio Apr. 18, 2018) (dismissing ADA claim that alleged individual defendants engaged in "numerous incidents of harassing and demeaning behavior"); *see also Busch v. United Way of Racine Cnty.*, No. 23-cv-1741-pp, 2024 U.S. Dist. LEXIS 118568, at *11 (E.D. Wisc. July 7, 2024) (in the context of a lawsuit pursuing claims under the ADA,

dismissing an individual named as a defendant even when "the complaint plausibly allege[d] claims for disability discrimination, hostile workplace/harassment and constructive discharge"); *Garcia v. Kings Cty. Hosp. Ctr.*, No. 16 Civ. 3151 (ER), 2018 U.S. Dist. LEXIS 5508, at *8 (S.D.N.Y. Jan. 11, 2018) (dismissing ADA "hostile work environment" claim against individual defendant). Accordingly, even if Plaintiff's Complaint is construed as alleging a "hostile environment" claim under the ADA, Count I still fails as a matter of law as to Defendant Warren.

### 2. Exhaustion of administrative remedies

Assuming *arguendo* that Warren could be liable under the ADA, the Court agrees with Defendants that dismissal is nonetheless appropriate because Plaintiff failed to exhaust his administrative remedies against Warren. (Doc. No. 8, PageID #45.) Specifically, in their Motion, Defendants assert that Plaintiff failed to exhaust his administrative remedies against Warren because "Plaintiff did not name Warren as a respondent in the" EEOC Charge, and did not "even identify Warren at all in the narrative of the charge, simply referring to a 'new supervisor.'" (*Id*.)

In response, Plaintiff argues that "[w]hile he doesn't specifically set forth his supervisor's name in the charge, he does identify him in his complaint." (Doc. No. 15, PageID #102.) Plaintiff, pointing to *Jones v. Truck Drives Local Union No. 299*, 748 F.2d 1083 (6th Cir. 1984) and *Romain v. Kurek*, 836 F.2d 241 (6th Cir. 1987), argues that to survive dismissal "there must be an identity of interest between the named party in the complaint and unnamed party in the charge." (*Id.*) Under this test, Plaintiff argues that "[s]urely defendants should have anticipated if plaintiff did file a complaint in court, based on his charge Mr. Warren would have been named." (*Id.*)

In their Reply, Defendants argue that Plaintiff failed to exhaust his administrative remedies against Warren "because the charge of discrimination contains no reference to Warren by name, title,

or any identifying characteristics beyond the generic description of 'new supervisor,'" thereby failing to provide "any legitimate notice to Warren that he was an intended respondent to the charge of discrimination." (Doc. No. 19, PageID #124.) Defendants further argue that "Warren also did not receive [actual] notice of the charge, which has similarly prejudiced him and precluded him from defending his individual interests, which differ from the claims against and interests of the employer." (*Id.*) Defendants go on to argue that "Plaintiff has set forth no evidence that Warren has ever represented that [his] relationship with Plaintiff should be conducted through Marlin only – a claim against one cannot be construed as a claim against the other." (*Id.*)

Under Sixth Circuit law, "[a] plaintiff seeking to bring employment discrimination claims under the ADA must first exhaust administrative remedies, and failure to properly exhaust is an appropriate basis for dismissal of an ADA action." *Jones v. Natural Essentials, Inc.*, 740 F. App'x 489, 492 (6th Cir. 2018) (citing *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591, 593 (6th Cir. 2004)). "To properly exhaust administrative remedies under the ADA, the plaintiff must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination." *Id.* (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000)). Thus, if a plaintiff fails to name a defendant in the EEOC charge, ADA claims generally cannot proceed against that defendant. *Dearbone v. United Ground Express, Inc.*, No. 2:23-02427-JTF-cgc, 2024 U.S. Dist. LEXIS 227878, at *7 (W.D. Tenn. Nov. 20, 2024); *Wood v. Blyer*, No. 5:06CV137, 2006 U.S. Dist. LEXIS 85989, at *40 (N.D. Ohio Aug. 9, 2006).

The Sixth Circuit has, however, recognized an exception to this rule. Under Sixth Circuit law, an ADA claim can proceed against a defendant not named in the EEOC charge if "there is a clear identity of interest between it and a party named in the EEOC charge." *Jones v. Truck Drives Local*

*Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984); *Joseph v. All Aerials LLC*, No. 5:10cv2342, 2012 U.S. Dist. LEXIS 19347, at *11–12 (N.D. Ohio Feb. 16, 2012).  While the Court notes that the Sixth Circuit has adopted two tests to establish a "clear identity of interest," see *Alexander v. Local 496, Laborers' Int'l Union*, 177 F.3d 394, 411 (6th Cir. 1999), Plaintiff has only argued that he has satisfied one of the tests.  (Doc. No. 15, PageID #102.)  Under the test advocated by Plaintiff, courts assess four factors to determine whether there is "clear identity of interest:"

> (1)  Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;
>
> (2)  Whether, under the circumstances, the interests of a named [party] are so similar as to the unnamed party's that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;
>
> (3)  Whether its absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed party; [and]
>
> (4)  Whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Romain v. Kurek*, 836 F.2d 241, 246 (6th Cir. 1987) (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977)).  Under this test, "the named and unnamed parties must be 'virtual alter egos.'" *Szoke v. UPS of Am., Inc.*, 398 F. App'x 145, 154 (6th Cir. 2010) (citing *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480–81 (6th Cir. 1990)).

Under this framework, the Court finds that Plaintiff has not exhausted his administrative remedies against Warren.  There are no allegations in the Complaint suggesting that Plaintiff filed an EEOC Charge against Warren. (*See* Doc. 1 ¶ 9.)  And as Defendants correctly point out, the EEOC Charge attached to the Complaint does not specifically mention Warren.[4]  (*Id.* at ¶ 9, Ex. A.)

---

[4] As noted above, Plaintiff does not identify Warren as his employer in his EEOC Charge.  Moreover, in the section of the Charge where Plaintiff is asked to set forth the "particulars" of his charge, Plaintiff writes as follows: "I have cerebral

Furthermore, the Court is not persuaded by Plaintiff's argument that dismissal is inappropriate under the "clear identity of interest" test. Plaintiff has not pled that (i) he did not know Warren's role at the time he filed the EEOC charge, (ii) that the Warren's interests are so similar to Marlin Manufacturing that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include him in the EEOC proceedings, (iii) that Warren's absence from the EEOC proceedings did not result in actual prejudice to Warren, and (iv) that Warren has in some way represented to Plaintiff that his relationship with Plaintiff is to be through Marlin Manufacturing. Further, Plaintiff has not pled that Warren is Marlin Manufacturing's "alter ego." Accordingly, the Court finds that Plaintiff's Complaint fails to allege facts sufficient to establish that Warren and Marlin Manufacturing have a "clear identity of interest" excusing Warren's absence from the EEOC Charge.

In sum, the Court finds that Plaintiff failed to exhaust his administrative remedies against Warren. Count I is therefore dismissed as against Defendant Warren only. *See Jones v. Natural Essentials, Inc.*, 740 F. App'x at 492; *see also Grace*, 2018 U.S. Dist. LEXIS 65248 at *6 (dismissing ADA claim when there was "no dispute that Plaintiff named the City of Lancaster Department of Transportation in her administrative charge, but did not name Defendants Azbell or Hintz").

---

palsy. In 2006 I was hired by Marlin Manufacturing while a senior in high school under a program with the school. I started as an assembler and then became a stamper shortly after being hired. My employment was more or less uneventful until around the beginning of this year [i.e., 2023] when a new supervisor was hired. From the beginning he bullied and abused me. I believe because of my disability He accused me of going to the bathroom too often, not working to my capacity and assigned me jobs I have never done before and then blamed me for not doing the work in a timely fashion. He did not treat my co-workers in the same manner. Finally, I was given three corrective actions by him from the period of March 6, 2023 through May 25, 2023 which was a final warning for insubordination, work quality and cell phone. I quit the next day because of the treatment I was receiving from him. I do not recall ever being discipli[ned] in this manner." (Doc. No. 1-2.)

12

**V.      Conclusion**

For the reasons set forth herein, Defendants' Motion to Dismiss (Doc. No. 8) is GRANTED. Counts II and III are hereby dismissed in their entirety.  Count I is hereby dismissed against Defendant Warren only.

**IT IS SO ORDERED.**

Date:  September 22, 2025

 _s/Pamela A. Barker_
PAMELA A. BARKER
U. S. DISTRICT JUDGE