**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

Joseph Abel,

      Plaintiff,

      -vs-

Marlin Manufacturing Co., et al.,

      Defendants.

Case No. 1:24CV1611

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION & ORDER**

Currently pending before the Court is Defendant Marlin Manufacturing Co.'s ("Marlin") Motion to Dismiss for Failure to Prosecute (the "Motion").  (Doc. No. 26.)  Plaintiff Joseph Abel ("Plaintiff") has not filed an Opposition to the Motion.  For the following reasons, Defendants' Motion is GRANTED.

## I.  Background

On September 20, 2024, Plaintiff initiated this civil action by filing his Complaint against Marlin Manufacturing Co. and Frederick Warren.  (Doc. No. 1.)  Therein, Plaintiff alleges claims under (i) The Americans with Disabilities Act (Count I); (ii) Ohio Revised Code § 4112.99 (Count II); and (iii) Ohio Common Law (Count III).  (*Id.* at ¶¶ 12–21.)  On March 18, 2025, Defendants filed a partial Motion to Dismiss (the "Partial Motion") requesting that the Court dismiss (1) Counts II and III in their entirety and (2) Count I solely as to Warren.  (Doc. No. 8.)  After the Partial Motion was fully briefed, on September 22, 2025, the Court issued a Memorandum Opinion & Order granting the Partial Motion in its entirety.  (Doc. No. 22.)

About a month later, on October 24, 2025, Plaintiff's counsel filed a Motion to Withdraw as Counsel.  (Doc. No. 23.)  The Court then issued the following non-document order:

Attorney Goodman's Motion to Withdraw as Counsel (Doc. No. 23 ) is granted. Pursuant to Local Rule 83.9, Attorney Goodman is granted leave to withdraw as counsel. Attorney Goodman is ordered to send a copy of this order to Plaintiff no later than October 31, 2025. Plaintiff shall have 45 days, through December 12, 2025, to secure new counsel. All case deadlines shall be held in abeyance until Plaintiff secures new counsel. The in-person status conference set for November 4, 2025 is hereby cancelled and will be reset once new counsel has filed a notice of appearance. The clerk is instructed to send a copy of this Order to Plaintiff at 2105 Broadview Ave., Cleveland, OH 44109.

Then, on December 9, 2025, Plaintiff moved for an extension of time through January 31, 2026 to secure new counsel (Doc. No. 24), which was granted by the Court in a non-document Order on December 9, 2025.

As of February 2, 2026, no attorney had filed an appearance on Plaintiff's behalf in this case. Accordingly, the Court issued the following non-document Order the same day:

On December 9, 2025, the Court entered an order granting Plaintiff through January 31, 2026 to secure new counsel. To date, new counsel has not made an appearance on Plaintiff's behalf. Accordingly, the Court hereby sets this matter for a telephonic status conference on February 24, 2026 at 1:30 p.m. The parties shall confer within five (5) business days of the scheduled conference to discuss outstanding issues, a proposed modified case schedule, and respective positions as to settlement. The parties shall provide to the Court within three (3) business days of the conference, a joint Status Report or confidential individual Status Reports describing the status of discovery, settlement positions, and issues to be addressed. The Status Reports need not be filed but may be delivered via email to Barker_Chambers@ohnd.uscourts.gov. The clerk is instructed to send a copy of this Order to Plaintiff at 2105 Broadview Ave., Cleveland, OH 44109.

In compliance with the Court's February 2, 2026, the parties submitted a Joint Status Report to chambers.  After reviewing the Joint Status Report, the Court issued the following non-document Order on February 20, 2026:

The Court is in receipt of a Joint Status Report from the parties. Therein, the parties represent that they have exchanged written discovery, that Plaintiff has not produced any documents to date, that Defendant intends to depose Plaintiff, and that Defendant intends to file a dispositive motion. The parties also provided a proposed modified case schedule. Based upon the parties' representations in the

2

Joint Status Report, the Court finds that a status conference is unnecessary at this time. Thus, the status conference set for February 24, 2026 is cancelled. The Court will schedule a new status conference if/as necessary, or as requested by the parties. The Court also modifies the case schedule as follows. Non-expert discovery shall be completed by April 30, 202[6]. Dispositive motions shall be filed on or before May 29, 2026. Responses to dispositive motions must be filed within thirty (30) days of the service of the dispositive motion. Replies must be filed within fourteen (14) days of the service of the response. (See Local Rule 7.1.) No sur-reply brief may be filed without leave of Court. No request for an extension of time will be entertained unless it is filed prior to the response date from which extension is sought and it indicates whether opposing counsel consents or objects to the requested extension.

After the close of discovery, on May 5, 2026, Defendant filed the Motion. (Doc. No. 26.) Therein, Defendant asserts that "Plaintiff has willfully failed to take the steps necessary to progress the case." (Doc. No. 25-1, PageID #158.) Defendant asserts that its "repeated attempts to elicit outstanding discovery (which are 8 months overdue), from Plaintiff have been met with silence." (*Id.*) Defendants further assert that "[d]espite [its] multiple requests for deposition dates, Plaintiff has refused to provide his availability." (*Id.*)

Plaintiff has not filed an Opposition. Accordingly, Defendant's Motion is ripe for review.

## II.     Standard of Review

"The Sixth Circuit has held that 'a district court has three different sources of authority to dismiss a case for failure to prosecute.'" *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *3 (N.D. Ohio Mar. 14, 2017), report and recommendation adopted, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017), (quoting *Rogers v. City of Warren*, 302 F. App'x. 371, 375 (6th Cir. Nov. 26, 2008)). Those three sources are: (1) Federal Rule of Civil Procedure 16(f)(1)(A), which authorizes dismissal where a party fails to appear at a scheduling or pretrial conference; (2) Rule 41(b), which "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order"; and (3) the court's inherent authority to "'protect [ ] the due

3

and orderly administration of justice, and . . . maintain[ ] the authority and dignity of the court.'" Id., (quoting *Bowles v. City of Cleveland*, 129 F. App'x 239, 241 (6th Cir. 2005)). The Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

The Sixth Circuit has articulated four factors, none of which are dispositive, that a district court should weigh when considering whether to dismiss an action: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008).

**III.    Analysis**

After carefully reviewing the Motion, and the Declarations attached thereto, the Court finds that dismissal is warranted in this case.

First, Plaintiff's failure to conduct discovery is willful.  Plaintiff has not produced any documents to date, despite his former counsel representing in Plaintiff's responses to Defendant's written discovery that certain documents would be produced.  (Doc. No. 26-2, ¶ 2.)  After Plaintiff's counsel withdrew, Defendant advised Plaintiff at least two times of the outstanding document production.  (*Id.* at ¶¶ 4, 6.)  Additionally, Plaintiff never responded to Defendant's requests for dates to take his deposition.  (*Id.* at ¶ 6.)  To date, Plaintiff has not produced any documents and has not provided his availability for a deposition.  (*Id.* at ¶ 8.)  "Plaintiff's complete failure to participate in discovery can only be construed as demonstrating bad faith and/or willful intent to unduly delay

4

resolution of these actions." *Jackson v. Sterilite Corp.*, No. 5:13CV861, 2014 U.S. Dist. LEXIS 147667, at *8 (N.D. Ohio Oct. 16, 2014) (citing cases).

As to the second factor, Defendant is prejudiced by Plaintiff's failure to produce discovery. *Jackson v. Lakemed Leasing, LLC*, No. 1:23-cv-00154, 2023 U.S. Dist. LEXIS 15857, at *4 (N.D. Ohio Sept. 19, 2023) ("Plaintiff's willful failures to respond to discovery requests and comply with the Court's order have prejudiced Defendants—fulfilling factors one and two"); *Sterlite*, 2014 U.S. Dist. LEXIS 147667 at *9 ("There can be no question that this unwillingness to participate in litigation has resulted in prejudice to defendants, as they have been required to waste valuable time and resources attempting to get plaintiff to meet his discovery obligations").  As to the third factor, Defendant's Motion itself put Plaintiff on notice that failure to produce discovery could result in dismissal.  *Lakemed*, 2023 U.S. Dist. LEXIS 15857 at *4.

Finally, the Court has considered alternative sanctions. *Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013) (a district court is not required "to incant a litany of the available lesser sanctions").  The Court concludes than no sanction short of dismissal is appropriate here.  Plaintiff was given three months to secure new counsel, but decided to proceed pro se.   While representing himself, Plaintiff has not provided complete discovery responses and has not agreed to a deposition date.  And he has not filed an Opposition to Defendant's Motion.  Therefore, the Court has no reason to believe a lesser sanction will motivate Plaintiff to prosecute his case.

For these reasons, the Court finds Defendant's Motion well-taken.

## IV.     Conclusion

For the reasons set forth herein, Defendant's Motion (Doc. No. 26) is granted.  This case is hereby DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**


         *s/Pamela A. Barker*
         PAMELA A. BARKER
Date:  June 22, 2026         U. S. DISTRICT JUDGE